HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTYN STEWART, d/b/a, NATURESOUND.ORG<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., MITCH WAITE GROUP LLC and MITCHELL WAITE,<br><br>Defendants. | Case No.  2:10-cv-01012-RSL<br><br>**MOTION TO DISMISS BY DEFENDANTS MITCH WAITE GROUP LLC AND MITCHELL WAITE FOR FAILURE TO STATE A CLAIM**<br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>**Note on Motion Calendar:  September 17, 2010** |

## I. INTRODUCTION.

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), defendants Mitch Waite Group LLC and Mitchell Waite (collectively the "Waite Defendants") move to dismiss Martyn Stewart, d/b/a Naturesound.org's ("Stewart") Complaint for Copyright Infringement for failure to state a claim upon which relief may be granted.  Alternatively, Defendants move to dismiss Stewart's claim for statutory damages and attorneys' fees.  Finally, and in the further alternative, the Waite Defendants move for leave to take early, expedited discovery regarding Stewart's claimed ownership of the copyright-in-suit; as explained below, the Waite Defendants anticipate that such discovery will reveal that Stewart in fact is not the owner of the copyright on which this action is premised, leading to an early, complete disposition of this action.

CASE NO. 2:10-CV-01012-RSL

**SQUIRE, SANDERS & DEMPSEY L.L.P.**
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

## II. SUMMARY OF ARGUMENT.

Based on a copyright registration application for a single work, entitled "Birds of America Vol 1," Stewart alleges that Defendants have infringed his copyright interest in hundreds of sound recordings. Stewart's Complaint, however, is fatally flawed and must be dismissed. In particular, Stewart fails to allege critical facts showing his ownership of the copyright-in-suit. Even when suing on a registered copyright, a plaintiff must plead facts sufficient to establish each required element of the claim. Included among those elements is ownership of the copyright on which the action is based. Because Stewart has failed to allege facts establishing that element, his Complaint fails to state a claim on which relief can be granted.

Stewart's one-count Complaint alleging copyright infringement also fails to state a claim because he has failed to plead infringement of the particular copyright for which he applied. Stewart's application for copyright registration (Complaint Ex. A) is for an apparent compilation comprising nearly 600 individual sound recordings of birds. The copyright covering a compilation, however, is limited in scope as a matter of statute: the copyright protects only the selection, coordination and/or arrangement of the compiled works. But Stewart's Complaint does not allege that the Waite Defendants infringed Stewart's selection, coordination or arrangement of the sound recordings (and is, in fact silent on the issue). Rather, the Complaint alleges the unauthorized use of individual, preexisting recordings comprising at least parts of the compilation. In other words, the copyright registration application on which Stewart bases this action is not the work that he contends the Waite Defendants infringed. The Complaint must be dismissed for this second, independent reason.

Even assuming arguendo that Stewart had stated a copyright infringement claim, the Court should dismiss Stewart's claim to statutory damages and attorney's fees. These remedies are unavailable under the Copyright Act, however, unless the plaintiff registered the copyright at issue before commencement of the alleged infringement. Stewart alleges that the Waite Defendants commenced their allegedly infringing activity in 2007, at the same time acknowledging that he did

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL                                   - 2 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

not even apply for copyright registration until December 2009. Because Stewart may not recover these remedies as a matter of law, his claim to them should be dismissed.[1]

Finally, in the event that Stewart's claim survives dismissal, the Waite Defendants request that the Court allow expedited, limited discovery about Stewart's ownership of the copyright-in-suit. The Waite Defendants anticipate that such limited discovery will demonstrate that Stewart did not exercise the requisite degree of originality in selecting the sound recordings comprising the compilation at issue, promoting the early resolution of this action.

### III.   THE COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS.

Stewart alleges that he is an audio/naturalist in the business of licensing sound recordings of birds in nature. Complaint ¶10. Over 35 years he has collected the recorded sounds of over 3,500 birds, with sound recordings appearing "in over 150 feature films, television programs and radio broadcasts." *Id.* ¶11. Stewart recites that he "is the owner of all copyrights in the various bird sound recordings that are the subject of this action and that are alleged, herein, to be infringed by Defendants Apple, MWG and Mr. Waite," and that the copyright he asserts here "are [*sic*] the subject of a federal copyright registration application filed by Mr. Stewart on December 12, 2009 for his various bird sound recordings." *Id.* The application seeks a single registration for "Birds of America Vol 1." Complaint, Ex. A.

Stewart alleges that the Waite Defendants negotiated for a license to certain of Stewart's sound recordings in 2007 for a software application called Winged Explorer. *Id.* ¶¶13-14. He contends that the Waite Defendants then used certain of Stewart's bird song recordings—purportedly without his knowledge or authorization—in their "iBird" application (or "app") for use with Apple Inc.'s iPhone. *Id.* ¶14. Stewart thus claims copyright infringement and his entitlement to, among other things, statutory damages and attorney's fees.

---

[1] As discussed below, the Ninth Circuit recently held that improper damages claims must be challenged under Rule 12(b)(6) and not Rule 12(f). *Whittlestone, Inc. v. Handi-Craft Co.*, 2010 U.S. App. LEXIS 17133, No. 09-16353 (9th Cir. Aug. 17, 2010).

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL — - 3 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

## IV. ARGUMENT.

### A. THE STANDARDS GOVERNING THIS MOTION.

A claim cannot survive a motion to dismiss made pursuant to Rule 12(b)(6) absent facts sufficient to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In considering a motion to dismiss, the Court must make all reasonable inferences in favor of the non-moving party. *Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555-56 (internal citations omitted).

The elements of copyright infringement have traditionally been described as two-fold: (1) the plaintiff's ownership of a valid copyright with respect to a work, and (2) a defendant's copying of protectable elements of that work. *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). Recently, the Supreme Court made clear that in addition to the traditional two elements, a plaintiff must also prove registration in compliance with section 411(a) of the Copyright Act. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. --, 130 S. Ct. 1237 (2010) (holding that registration is not jurisdictional but, rather, is an element of a copyright infringement claim); *see also* 17 U.S.C. § 411(a) (no "action for infringement . . . shall be instituted until a registration of the copyright claim has been made in accordance with this title"). Because Stewart's Complaint does not state facts sufficient to sustain this burden, the Court should dismiss the Complaint.

### B. THE COMPLAINT FAILS TO STATE A COPYRIGHT INFRINGEMENT CLAIM.

#### 1. THE COMPLAINT DOES NOT ALLEGE FACTS TO SUSTAIN STEWART'S BURDEN THAT HE OWNS THE COPYRIGHT IN WHAT HE SEEKS TO REGISTER.

Stewart alleges that the Waite Defendants impermissibly incorporated into iBird a number of Stewart's sound recordings, the copyrights to which he owns. Complaint ¶12. At the same time, Stewart alleges that these multiple, copyrighted "bird song sound recordings" are the subject of single copyright registration application that describes a single work: "Birds of America

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL      - 4 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

1  Vol 1." *Id.* & Ex. A.[2]  In other words, Stewart claims ownership of an undisclosed number of
2  copyrights in "various bird song sound recordings" (*id.* ¶12), but purports to enforce his alleged
3  copyright interests through a single application for registration.[3]  Only two narrow circumstances
4  permit Stewart to do so here.  The Complaint's failure to establish facts showing that either
5  circumstance applies here dooms Stewart's claim.

6  As a general rule, a copyright claimant must individually register separately copyrightable
7  works.  Declaration of Robert Guite ("Guite Decl."), Ex. A §910.07 (Copyright Office regulations
8  providing that "[w]here various parts or installments of a work are first published separately, each
9  part or installment is regarded as a separate work, and if registered, must be registered separately.");
10 *see* 17 U.S.C. §408; *see also* Paul Goldstein, *Goldstein on Copyright* § 3.15 at 3:155 (3d ed. 2010)
11 (recognizing that the "norm" is "one work/one registration" and that the only statutory exceptions
12 are contained in 17 U.S.C. §408(c)).  For Stewart to enforce through a single registration
13 application his alleged multiple "copyrights in the various bird sound recordings that are the
14 subject of this action," he must plead facts demonstrating one of two exceptions is met.  The first
15 exception would be to plead that the collected sound recordings comprise a compilation.  The
16 second exception would be to plead facts demonstrating that all of the sound recordings
17 comprising "Birds of America Vol 1" were first published together.  Stewart has failed to plead
18 facts showing either exception.

---

[2] After Stewart filed his Complaint, the Copyright Office registered "Birds of America Vol I" (registration number SRu000945444).  Because the Court must determine this motion in light of the factual allegations that appear in the Complaint, the argument below refers to the application for registration.  The outcome of this motion would not change, however, even in the event Stewart amended to allege the registration.

[3] In particular, Stewart alleges that he is

> the owner of all copyrights in the various bird sound recordings that are the subject of this action and that are alleged, herein, to be infringed by Defendants . . . These copyrights are the subject of a federal copyright registration application filed by Mr. Stewart on December 12, 2009 for his various bird recordings and assigned Service Request No. 1-294640521.

Complaint ¶12.

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL                - 5 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

      **a.    The Complaint Does Not Allege Facts Sufficient To Show That Stewart Authored—Or That The Waite Defendants Infringed—A Compilation.**

A "compilation" is "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. §101. A "collective work" is "a work . . . in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id*. Stewart alleges that the "various bird song recordings" that comprise "Birds of America Vol 1" are individual copyrighted works (Complaint ¶12), and the allegations of Complaint paragraphs 11-18 make clear that these works predated the application for copyright registration. Consequently, what Stewart has sought to register ostensibly fits the definition of a collective work—a compilation sub-species. Stewart may not maintain a claim based on a compilation, however, because he has not alleged facts establishing his authorship of the compilation separate and apart from the recordings it collects.

A copyright in a compilation "is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." 17 U.S.C. § 103(b). The "independent" copyright in a compilation is limited to "the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." *Id*.

As stated above, Stewart must plead, among other elements, his ownership of a valid copyright. Because the work at issue is not a work for hire (Complaint Ex. A), Stewart must establish his authorship of the work to satisfy the ownership requirement. To do so, he must plead that he is the person who contributed the minimum amount of originality to the creation of the compilation. In explaining what is required, the Supreme Court instructs that

> The statute identifies three distinct elements and requires each to be met for a work to qualify as a copyrightable compilation: (1) the collection and assembly of pre-existing material, facts, or data; (2) *the selection, coordination, or arrangement of those materials*; and (3) *the creation, by virtue of the particular selection, coordination, or arrangement, of an "original" work of authorship*.

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL - 6 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

*Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 357 (1991) (emphasis added).

The Complaint omits any mention of *Feist* elements (2) and (3).  In particular, Stewart utterly fails to allege how—or whether—he selected, coordinated or arranged the "various bird song sound recordings" that comprise the work he applied to register.[4]  Absent these factual allegations, Stewart has failed to establish that he owns the rights to the compilation that he seeks to register and on which he bases this action.  To the extent the application relates to a compilation, the Complaint must be dismissed for failure to state a claim.

### b. Stewart Fails To Allege Facts Showing That The Individual Sound Recordings May Be The Subject Of A Single Registration.

The second exception to the "one work-one registration" rule is where an applicant has authored multiple copyrightable works and has already published them together as a single unit. 17 CFR 202.3(b)(4)(A) (for purposes of a single application for registration, in the case of published works a single work may be found when all copyrightable elements have a common copyright claimant and are (i) "otherwise recognizable as self-contained works," and (ii) "included in a single unit of publication."); Guite Decl. Ex. A §910.07 ("Where various parts or installments of a work are first published separately, each part or installment is regarded as a separate work, and if registered, must be registered separately.  However, where a work is first published as a unit, the fact that parts of the work are also distributed separately will not preclude a single registration for the work.").

Stewart's Complaint alleges that the sound recordings comprising "Birds of America Vol I" were published, before he applied for copyright registration, through the recordings' inclusion in iBird.  Complaint ¶¶14-16.  But neither his Complaint nor application for registration identifies the date for publication for any of those sound recordings, and neither alleges that all of the sounds recordings comprising "Birds of America Vol I" were first published as a single unit.

---

[4] Stewart's omission is understandable.  As discussed in detail below at pages 10-12, a cursory review of Stewart's deposit with the Copyright Office reveals that he likely compiled the various bird song sound recordings for "Birds of America Vol I" simply by including the same bird songs already used in iBird.  Moreover, deposit merely contains recordings arranged in alphabetical order, without any particular arrangement.  These facts indicate that Stewart is not the compilation's author and that it lacks the originality required for copyright protection.

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL                 - 7 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

Rather, the Complaint strongly suggests just the opposite. In particular, Stewart alleges that the Waite Defendants incorporated the copyrighted sound recordings "into a *series* of software applications" under the iBird trademark, and that "there are approximately *nine individual applications* distributed in the iBird series" (*id.* ¶14 (emphasis added)).

Stewart bears the burden of pleading facts establishing that he owns and has registered the copyright at issue. As shown above, his Complaint fails to meet that burden. Stewart's failure to include allegations sufficient to establish that he is the owner of a validly issued copyright registration resulting from the application is fatal and requires that the Complaint be dismissed.

### 2.  STEWART FAILS TO PLEAD INFRINGEMENT OF WHAT HE SOUGHT TO REGISTER.

Assuming *arguendo* that Stewart had met the requirements for pleading ownership of a compilation, the claim still fails because Stewart does not plead infringement of his exclusive rights in such a compilation.

As discussed above, a copyright in a compilation covers only the material newly contributed, not the preexisting material comprising the work. 17 U.S.C. §103(b). In other words, the copyright protects only the compilation author's "selection, coordination, or arrangement" of the preexisting materials. *See Feist*, 499 U.S. at 357. But Stewart does not allege infringement of his purported "selection, coordination or arrangement" of the sound recordings comprising "Bird of America Vol I." Rather, he alleges only that the Waite Defendants "incorporated Mr. Stewart's copyrighted bird sound recordings into a series of software applications marketed under the general trade name 'iBird' for iPhone product." Complaint ¶14. In other words, Stewart has pled infringement only of his copyrights in the preexisting materials—which are expressly *not* covered by the scope of the compilation he sought to register. *See* 17 U.S.C. §103(b). Because Stewart does not allege infringement of a right within the scope of the copyright application at issue, his claim fails.

As recited above, section 103(b) admonishes that the copyright in a compilation does not extend to "the preexisting material employed in the work." Likewise, *Feist* explains that a copyright in a compilation covers only the selection, coordination or arrangement of the compiled

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL                                      - 8 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

preexisting materials. Despite the clarity of these governing sources, a few courts have expanded the scope of a compilation under the "effective registration doctrine." Those courts accepting the doctrine have held that when the owner of individually copyrightable, preexisting works combines them and registers the resulting compilation, the owner may use the registered compilation to sue for infringement of one of the individual preexisting works included in the compilation. *See*, *e.g.*, *Szabo v. Errisson*, 68 F.3d 940 (5th Cir. 1995) (finding that the owner of the copyright in a collection of unpublished musical works could sue for infringement of a single song); *Salestraq Am., LLC v. Zyskowski*, 635 F. Supp. 2d 1178 (D. Nev. 2009) (finding that the registration of a 2008 version of a factual compilation that wholly incorporated the 2007 version of the compilation allowed the plaintiff to sue for infringement of the 2007 version).

To the extent raised by Stewart in his opposition, the effective registration doctrine is a red herring. The doctrine has never been adopted by the Ninth Circuit, is nowhere included in the text of the Copyright Act, and is contrary to the plain language of section 103(b) and *Feist*.

Accordingly, because Stewart does not allege infringement of the protectable rights in the compilation he seeks to register, his claim fails, requiring dismissal.

### C. BECAUSE STEWART REGISTERED HIS COPYRIGHT AFTER THE ALLEGED INFRINGING ACTIVITY COMMENCED, HE HAS NO RIGHT TO STATUTORY DAMAGES OR ATTORNEYS' FEES.

Stewart pleads the right to statutory damages and reasonable attorneys' fees. Complaint at 4-5 (Prayer ¶¶A & C). Because Stewart did not have a registered copyright before the Waite Defendants' alleged infringement commenced (or even before Stewart filed this action), his claim to those remedies must be dismissed. *See Whittlestone*, 2010 U.S. App. LEXIS 17133, *9 (holding that a challenge to a plaintiff's claimed damages should be brought through a motion under Rules 12(b)(6) or 56).

A copyright infringement plaintiff may recover reasonable attorneys' fees, and have the option of seeking statutory damages, only if the work at issue was registered before the alleged infringement commenced or if the work was registered within three months of its first publication. 17 U.S.C. §412. In other words, "[i]f the infringement began before registration, statutory

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT  
CASE NO. 2:10-cv-01012-RSL — - 9 -

**SQUIRE, SANDERS & DEMPSEY L.L.P.**  
ONE MARITIME PLAZA, SUITE 300  
SAN FRANCISCO, CALIFORNIA 94111-3492  
TEL: 415.954.0200 - FAX: 415.393.9887

damages will not be recoverable for acts of infringement occurring after registration." Paul Goldstein, *Goldstein on Copyright* §14.2 at 14:39.

The Ninth Circuit's recent decision in *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008), is dispositive. That decision specifically "addressed . . . whether §412 [of the Copyright Act] bars an award of statutory damages for post-registration infringements when the initial act of infringement occurred prior to the effective copyright registration date." The Court held that, for purposes of section 412, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under §412." *Id.* at 700-01. Thus, where the infringement consists of "an ongoing series of infringements" that begin before registration, the copyright holder is not entitled to statutory damages or attorneys' fees. *Id.* at 701-02.

The Waite Defendants' alleged infringement began long before Stewart submitted his registration application, let alone received an issued copyright registration. *E.g.*, Complaint ¶12 & Ex. C (last page) (incorporating a screen shot from iBird Pro version 1.5.0, released on March 11, 2009, that Stewart alleges is a "[r]epresentative sample[] of advertising for 'iBird' products . . . that incorporate Mr. Stewart's copyrighted bird sound recordings."). Moreover, in Complaint paragraphs 14-18 he alleges the "ongoing series of infringements" referenced by the Ninth Circuit in *Derek Andrew*. 528 F.3d at 700-01. Because the alleged infringing activity began well before Stewart received a copyright registration, he may not recover statutory damages or reasonable attorneys' fees, requiring that those claims be dismissed.

### D. IN THE EVENT THAT THE COURT IS INCLINED TO DENY DEFENDANTS' MOTION, THE COURT SHOULD ORDER EXPEDITED DISCOVERY TO DETERMINE WHETHER STEWART OWNS A VALID COPYRIGHT REGISTRATION.

In the event the Court is inclined to deny the present motion, the Waite Defendants request expedited, limited discovery regarding the validity of the registration that has now issued from Stewart's application. An invalid registration would preclude Stewart from satisfying a necessary element of his single claim of copyright infringement, allowing the action to be dismissed without undue burden to the parties or the Court.

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL — - 10 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

As discussed above, Stewart alleges that his application for a single work includes multiple, individually copyrightable, preexisting works. The application may result in a valid registered copyright only if it covers (i) a compilation or (ii) a group of sound recordings that were all first published together. Under either scenario, the Waite Defendants anticipate that a modest amount of discovery would develop evidence disposing of Stewart's claim. As discussed above and in additional detail below, such discovery will likely demonstrate either that (i) Stewart did not exercise the requisite originality in the selection, arrangement and coordination of the preexisting material to qualify the compilation for protection, or (ii) each of the sound recordings comprising "Birds of America Vol I" were not first published together and thus cannot be the subject of a single registration.

To the extent that the application relates to a compilation, the deposit that Stewart made with the Copyright Office as part of the application process indicates that he did not exercise originality in the selection, arrangement or coordination of the compiled preexisting sound recordings. Pursuant to Copyright Office procedures, the Waite Defendants obtained a certified copy of Stewart's deposit for application at issue. Guite Decl. ¶3. The deposit consisted of a single DVD unaccompanied by a track listing or any other documentation indicating that the tracks were arranged in a particular order. *Id.* & Ex. B. A simple review of the DVD's contents shows that it contains 595 digital sound recordings, in .wav format; a spreadsheet listing the file names in the same order in which they appear on the DVD discloses that the individual digital file names correspond to the bird song recorded (*i.e.*, "abert's towhee.wav" corresponds to a sound recording of an Abert's towhee). *Id.* ¶4 & Ex. C.

The Waite Defendants also determined which of the bird sound recordings that Stewart provided for use in iBird were actually used in the iBird apps. Declaration of Mitchell Waite ("Waite Decl.") ¶4. The resulting spreadsheet prepared by defendant Mitchell Waite listing those files identifies 585 sound recordings. *Id.* & Ex. A. Comparing the two spreadsheets discloses virtually complete overlap, even down to the file names themselves; the only immediate difference is the ten additional sound recordings that appear with Stewart's DVD deposit. *See and Compare* Guite Decl. Ex. C *with* Waite Decl. Ex. A.

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-cv-01012-RSL             - 11 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

The overlap strongly suggests that Stewart (a) parsed iBird for all sound recordings that identify him as the recordist, (b) burned them onto a single DVD, and (c) applied for registration of all 595 recordings as a group. If Stewart indeed did so, he acted more expediently (and inexpensively) than if he had applied for registration of each sound recording individually. But expedience in this instance would not result in a valid copyright.

As noted above, the author of a compilation must contribute originality in the selection, arrangement or coordination of the works compiled. *Feist*, 499 U.S. at 357. Copying the selection of his sound recordings that the Waite Defendants had already made[5] does not satisfy this requirement, would preclude Stewart from claiming authorship—and therefore ownership—of the compilation, render the resulting copyright registration invalid.

To the extent Stewart contends that the application covers individually copyrightable works first published together, limited, expedited discovery would quickly flesh out whether such an allegation is truthful. Stewart's Complaint touts that he has made "over 3,500" recordings of birds over a 35-year period, during which his recordings have appeared in over 150 films, television programs and radio broadcasts. Complaint ¶¶10-11. Any contention that the 595 sound recordings that comprise "Birds of America Vol I" were somehow all first published as a single unit appears inconsistent with Stewart's allegations in Complaint paragraphs 10-11. Nevertheless, determining this issue could be done on an expedited basis without incurring much cost.

Without a valid registered copyright, Stewart cannot maintain his copyright infringement claim. Allowing discovery to proceed on a limited and expedited basis would prevent an undue burden on the Court's and parties' resources and would likely lead to a quick resolution of this case with minimum expense. Accordingly, in the event the Court is inclined to deny the motion to dismiss, the Waite Defendants respectfully request that the Court provide leave to take limited discovery regarding the validity of Stewart's copyright registration as outlined above.

---

[5] Defendant Mitchell Waite selected which sound recordings to include in iBird. Waite Decl. ¶2.

WAITE DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO. 2:10-CV-01012-RSL - 12 -

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
TEL: 415.954.0200 - FAX: 415.393.9887

## V. CONCLUSION.

Stewart's Complaint fails to allege critical facts that are necessary to state a claim for copyright infringement. Stewart has failed to plead facts sufficient to establish that he owns the copyright for the work he has sought to register. Stewart has likewise failed to plead facts demonstrating the existence of those narrow circumstances that would allow him to register almost 600 preexisting, individually copyrightable sound recordings through a single application.

Even in the event that the Complaint did state a claim for which relief could be granted, it improperly seeks remedies to which Stewart is not entitled as a matter of law, requiring dismissal of those claimed remedies.

Finally, in the event the Court is inclined to deny Defendants' motion to dismiss, the Court should allow limited, expedited discovery regarding the validity of the copyright registration that ultimately issued. The Waite Defendants anticipate that such discovery would reveal that Stewart's copyright registration is invalid, allowing this action's quick and efficient resolution.

Dated: August 24, 2010

Respectfully submitted,

By: */s/ Robert J. Guite*
    Robert J. Guite, WSBA No. 25753
    SQUIRE, SANDERS & DEMPSEY L.L.P.

Attorneys for Defendants
MITCH WAITE GROUP LLC and
MITCHELL WAITE

*of counsel*

David S. Elkins (Cal. SBA No. 148077)
Joseph P. Grasser (Cal. SBA No. 255156)
SQUIRE, SANDERS & DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA  94304-1043
Tel:    650.856.6500
Email:   delkins@ssd.com
           jgrasser@ssd.com