Hon. Robert S. Lasnik

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

| | |
|---|---|
| MARTYN STEWART, d/b/a, NATURESOUND.ORG, | No. 2:10-cv-01012-RSL |
| Plaintiff, | APPLE INC.'S MOTION TO DISMISS AND NOTICE OF JOINDER IN DEFENDANTS MITCH WAITE |
| v. | GROUP LLC'S AND MITCHELL WAITE'S MOTON TO DISMISS FOR |
| APPLE INC., MITCH WAITE GROUP LLC, AND MITCHELL WAITE, | FAILURE TO STATE A CLAIM |
| Defendants. | Note on Motion Calendar: October 1, 2010 |

        Defendant Apple Inc. ("Apple") joins the pending motion of defendants Mitch

Waite Group LLC and Mitchell Waite (collectively, the "Waite Defendants") and moves

the Court (i) for dismissal of plaintiff Martyn Stewart, d/b/a, Naturesound.org's

("Stewart's") complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6),

(ii) alternatively, for dismissal of the claims for statutory damages and attorneys' fees, and

(iii) alternatively, for leave to take early, expedited discovery regarding Stewart's asserted

registration.  The basis for this motion and joinder are the Waite Defendants' motion to

dismiss (Dkt. # 6) (the "Waite Motion"), this motion and joinder and the declaration of

YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  Gregory F. Budney ("Budney Declaration") filed herewith, the pleadings, records and files

2  herein, oral arguments of counsel, and such other matters as the Court deems proper.

3       Plaintiff Stewart's sole claim against Apple fundamentally depends on his copyright

4  infringement claim against the Waite Defendants—if the Waite Defendants' iBird software

5  applications do not infringe a copyright owned by Stewart, then the claim against Apple

6  fails. *See, e.g.,* Complaint ¶¶ 15-16 (alleging Apple's distribution and use of iBird).

7  Because the Waite Motion demonstrates that Stewart has not adequately pled copyright

8  infringement by the Waite Defendants, the claim against Apple must also be dismissed.

9       Dismissal of the complaint is appropriate because it fails to establish ownership of

10  the copyrights at issue and also fails to plead infringement of the compilation Stewart

11  sought to register.  The complaint fails to establish ownership because: (i) if Stewart sought

12  to register a compilation, he has failed to allege that he is the author of that compilation,

13  Motion at 6-7; and (ii) if Stewart sought to register the individual underlying bird sound

14  recordings, he was forbidden to register them in a single registration because they had been

15  (as he alleges) previously published separately, Motion at 7-8.  Dismissal is also appropriate

16  because, even if Stewart did register a compilation, he has failed to plead infringement of

17  that compilation; instead, he has pled only infringement of the (unregistered) individual bird

18  sound recordings rather than the subject of Stewart's application: the "selection,

19  coordination or arrangement" of those recordings.  Motion at 8-9.

20       There is substantial reason to conclude that the complaint's defects reflect deeper

21  problems with Stewart's claims.  As detailed in the Budney Declaration, Cornell University

22  has analyzed iBird Explorer Pro—one of the software products at issue—and has concluded

23  that it owns the copyright in at least some of the bird sound recordings contained in that

24  software application.  Budney Decl. ¶ 5.  Consequently, Stewart's application to register the

25  compilation instead of the underlying recordings may reflect a lack of ownership rather than

26  a mistaken view regarding the effect of registering a compilation.  Regardless of the source

APPLE INC.'S MOTION TO DISMISS AND JOINDER
NO. 2:10-cv-01012-RSL – Page 2

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

of the defects, it is appropriate to dismiss the complaint in its entirety for the reasons set forth in the Waite Motion.  At the very least, the complaint should be dismissed with leave to amend to include a proper registration.  Such a result would force Stewart to provide prima facie evidence of copyright ownership, thereby serving one of the fundamental goals of requiring registration to commence suit.[1]

Alternatively, dismissal of the claims for statutory damages and attorney's fees is appropriate as to Apple: Stewart alleges registration of the purported copyrights after the first alleged infringement of his works, and these remedies are available only in cases where registration occurs before the first alleged infringement.  Motion at 9-10.  Finally, Apple joins the Waite Defendants' request for expedited discovery on the issue of the validity of Stewart's registration, given the substantial questions raised about that registration (including those presented in the Budney Declaration), and the requirement that Stewart have a valid registration to prosecute any copyright claim.  Motion at 10-12.

///

///

///

///

///

---

[1] Apple contends that this motion can and should be granted on its face pursuant to FRCP 12(b)(6); but, if the Court concludes that it cannot grant the motion without relying on the Budney Declaration, Apple requests that the Court convert this motion to a motion for summary judgment pursuant to FRCP 12(d).

APPLE INC.'S MOTION TO DISMISS AND JOINDER
NO. 2:10-cv-01012-RSL – Page 3

DATED:  September 8, 2010.

Respectfully submitted,


By: */s/ David R. Eberhart*_____

O'MELVENY & MYERS LLP
David R. Eberhart, CA. S.B. #195474
   (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701
Email:  deberhart@omm.com

YARMUTH WILSDON CALFO PLLC
Scott T. Wilsdon, WSBA No. 20608
Jeremy E. Roller, WSBA No. 32021
818 Stewart Street, Suite 1400
Seattle, WA  98101
Telephone:     (206) 516-3800
Facsimile:      (206) 516-3888
Email:   wilsdon@yarmuth.com
              jroller@yarmuth.com

Attorneys for Defendant Apple Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

**Philip P. Mann**                                    Attorneys for Plaintiff
Mann Law Group

**John E. Whitaker**
Whitaker Law Group

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 8th day of September, 2010 at Seattle, Washington.

*s/ Kelly M. Kennedy*
Kelly M. Kennedy, Legal Assistant

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

625.01 ki081503 9/8/10