Hon. Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTYN STEWART, d/b/a, NATURESOUND.ORG,<br><br>                Plaintiff,<br><br>   v.<br><br>APPLE INC., MITCH WAITE GROUP LLC, AND MITCHELL WAITE,<br><br>                Defendants. | No. 2:10-cv-01012-RSL<br><br>REPLY IN SUPPORT OF APPLE INC.'S MOTON TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>Noted on Motion Calendar:<br>October 1, 2010 |

      Plaintiff Stewart's opposition does nothing to cure the fundamental disconnect between his registration, his allegations regarding ownership, and his allegations regarding infringement. As demonstrated in Apple's motion, that shortcoming in his pleading mandates dismissal of the complaint. Stewart's opposition actually worsens the inconsistencies in his pleading and further demonstrates the merit of Apple's motion.

      Stewart's argument that copyright in his individual bird sound recordings "exists independently of registration" (Opp'n at 2) misses the point: of course copyright exists independently of registration, but copyright *litigation* cannot proceed without registration. *See Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010); *see also* 17 U.S.C. § 411. And Stewart cannot and does not claim that he registered his individual bird sound recordings.

REPLY IN SUPPORT OF APPLE INC.'S
MOTION TO DISMISS
NO. 2:10-cv-01012-RSL – Page 1

YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

The complaint states that his "recordings were made and collected over a period of 35 years." (Compl. ¶ 11.) Thus, Stewart's registration—"Birds of America Vol. 1," which issued as SRu000945444 in 2010[1]—is necessarily for "a work formed by the collection and assembling of preexisting materials or of data" that constitutes a compilation under 17 U.S.C. § 101. Such a registration cannot serve to register the underlying individual recordings. *See, e.g.*, *Bean v. Houghton Mifflin Harcourt Pub. Co.*, 2010 WL 3168624, at *4 (D. Ariz. Aug. 10, 2010) (compilation registrations did not register underlying photographs). Stewart is, therefore, entitled to protection only for the selection, coordination, or arrangement of "Birds of America Vol. 1."

But Stewart has not alleged infringement of the selection, coordination, or arrangement of "Birds of America Vol. 1." (*See, e.g.*, Compl. ¶ 16.) To the contrary, he now claims that he has "not alleged that he owns the copyrights to each and every bird sound in the [iBird] application." (Opp'n at 3.) By claiming that only a portion of the bird sound recordings in the iBird applications are his, Stewart has conceded that the iBird applications do not copy the selection, coordination, or arrangement of the recordings in "Birds of America Vol. 1."

Nor should Stewart be permitted to mitigate the impact of the Budney Declaration by contradicting his complaint. The notion that Stewart has asserted infringement by only some recordings in iBird contradicts the clear import of his allegation that "***the*** bird sound recordings used in the iBird applications ***are*** in fact ***Mr. Stewart's bird sound recordings***." (Compl. ¶ 17 (emphasis added).) Similarly, it contradicts Exhibit B to the complaint—a purported screenshot from the iBird application that lists Stewart as the sole "recordist." (Compl., Ex. B.)

Stewart's opposition also flatly contradicts the complaint's allegation that Defendant Waite sought to license Stewart's bird sound recordings for a different application

---

[1] *See* Exhibit 1 (U.S. Copyright Registration No. SRu000945444).

REPLY IN SUPPORT OF APPLE INC.'S
MOTION TO DISMISS
NO. 2:10-cv-01012-RSL – Page 2

("Winged Explorer") and then used those recordings in the iBird applications without Stewart's knowledge. (Compl. ¶¶ 13–14.) Stewart now claims that "Waite requested and received copies of those recordings from Mr. Stewart specifically for the purpose of incorporating them into the iBird application." (Opp'n at 2:19–20.) These factual allegations cannot both be correct.

Stewart's claims are a rough jumble of inconsistencies that do not support a copyright infringement claim and leave substantial questions regarding his ownership of the copyrights he attempts to assert. If Stewart is truly the owner of the copyrights in all of the recordings underlying his supposed compilation, he should have no trouble registering those copyrights and amending his complaint. But he must do so before the case may proceed. At the very least, Stewart's claims for statutory damages and attorney's fees—which he nowhere defends in his opposition—must be dismissed, and expedited discovery limited to the validity of Stewart's registration should be permitted.

DATED: October 1, 2010.

Respectfully submitted,

By:/s/ David R. Eberhart_____

O'MELVENY & MYERS LLP
David R. Eberhart, CA. S.B. #195474
  (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701
Email:  deberhart@omm.com

YARMUTH WILSDON CALFO PLLC
Scott T. Wilsdon, WSBA No. 20608
Jeremy E. Roller, WSBA No. 32021
818 Stewart Street, Suite 1400
Seattle, WA  98101
Telephone:     (206) 516-3800
Facsimile:     (206) 516-3888
Email:  wilsdon@yarmuth.com
            jroller@yarmuth.com

Attorneys for Defendant Apple Inc.

REPLY IN SUPPORT OF APPLE INC.'S
MOTION TO DISMISS
NO. 2:10-cv-01012-RSL – Page 3

YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2   I hereby certify that on this date, I electronically filed the foregoing document with

3   the Clerk of the Court using the CM/ECF system which will send notification of such filing

4   to:

| | |
|---|---|
| **Philip P. Mann** | Attorneys for Plaintiff |
| Mann Law Group | |

**John E. Whitaker**
Whitaker Law Group

7   I declare under penalty of perjury under the laws of the State of Washington that the

8   foregoing is true and correct.

9   Dated this 1st day of October, 2010 at Seattle, Washington.

            /s/ *Shelley Meyer*
            Shelley Meyer
            Legal Assistant

REPLY IN SUPPORT OF APPLE INC.'S
MOTION TO DISMISS
NO. 2:10-cv-01012-RSL – Page 4

625.01 kj013501 10/1/10

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888