UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
MARTYN STEWART, d/b/a/              )
NATURESOUND.ORG,                    )   No. C10-1012RSL
                                    )
            Plaintiff,              )
    v.                              )
                                    )   ORDER GRANTING IN PART
APPLE, INC., *et al.*,              )   DEFENDANTS' MOTION TO
                                    )   DISMISS
            Defendants.             )
_____)

This matter comes before the Court on the "Motion to Dismiss by Defendants Mitch Waite Group LLC and Mitchell Waite for Failure to State a Claim." Dkt. # 6. Defendants argue that plaintiff has failed to allege the infringement of any protectable element of the copyrighted work and that he is barred from seeking statutory damages and attorney's fees. Defendants also seek expedited discovery regarding the originality of plaintiff's compilation. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. ADEQUACY OF PLEADING UNDER FED. R. CIV. P. 8**

Defendants argue that all of plaintiff's claims should be dismissed because he failed to allege ownership of the relevant copyright and/or defendants' infringement thereof. In

---

[1] The Court finds that this matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS

his complaint, plaintiff alleges that he "is the owner of all copyrights in the various bird sound recordings that are the subject of this action" and that defendants incorporated the copyrighted recordings into a series of software applications without permission and in violation of plaintiff's exclusive rights under the Copyright Act.  Complaint at ¶¶ 12, 14, and 20.  Although defendants cite Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007), they do not explain how these allegations fail to state a claim for relief that is plausible on its face.  Plaintiff has, in fact, alleged both ownership and infringement, and he has provided additional facts supporting those allegations.[2]  To the extent defendants challenge the veracity of plaintiff's factual allegations, such issues are not properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

**B. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants' motion also raises an issue of law, namely, whether a copyright registration covering a compilation of works permits the registrant to assert an infringement claim on an included work that is also owned by the registrant.  The Court finds that it does.  In order to establish a claim under the Copyright Act, plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  Pursuant to 17 U.S.C. § 103(b):

> The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material.  The copyright in such work is independent of, and does not

---

[2] In order to determine whether the allegations of a complaint "show[] that the pleader is entitled to relief" under Rule 8(a), the court now applies a two step process.  First, the court must identify and disregard any allegations that are legal conclusions, as opposed to factual allegations.  This distinction is not always clear:  an allegation of intent, for example, is logically an allegation of fact regarding defendant's state of mind, but Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951 (2009), suggests that such allegations should be disregarded if not supported by additional, more concrete, factual allegations.  In the second step of the analysis, the court must determine whether the factual allegations that remain give rise to a reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949.

>affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

The compilation at issue in this case is made up of individual original works allegedly "contributed by the author" which themselves are capable of copyright. "Although registration of a collective work compilation is typically associated with protection of the manner of assemblage of materials, the court fathoms no reason why the 'new material contributed by the author' protected under § 103(b) should be limited to organizational contributions." Howard v. Sterchi, 725 F. Supp. 1572, 1575 (N.D. Ga. 1989). See also Szabo v. Errisson, 68 F.3d 940, 943 (5th Cir. 1995); M. Kramer Mfg. Co., Inc. v. Andrews, 783 F.2d 421, 437-40 (4th Cir. 1986); Salestraq Am., LLC v. Zyskowski, 635 F. Supp.2d 1178, 1181 (D. Nev. 2009); 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][2][c] ("[W]hen the same party owns the derivative or collective work plus the underlying elements incorporated therein, its registration of the former is sufficient to permit an infringement action on the underlying parts, whether they be new or preexisting.") (internal quotations marks omitted).

This analysis is not only supported by the case law, it makes practical sense. Many works are, when properly evaluated, made up of multiple copyrightable components: books containing pictures or drawings are an obvious example. Less obvious is the fact that even a single work, such as a song, contains protected component parts: an infringer need not copy the entire song to violate the author's exclusive rights under the Copyright Act. See Feist Publ'ns, 499 U.S. at 361 ("copying of constituent elements of the work that are original" constitutes infringement). The author is not required to identify and separately register each component of the work which, standing alone, could be subject to its own copyright. While it is possible that plaintiff will be unable to establish other elements of the "ownership" requirement under the Copyright Act, the fact that he is asserting an infringement claim based on component parts of a larger, registered work is not dispositive.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS            -3-

### C. STATUTORY DAMAGES AND ATTORNEY'S FEES

Plaintiff acknowledges that he is not entitled to statutory damages in this case. He also recognizes that attorney's fees are unavailable under the Copyright Act, but argues that attorney's fees may be awarded through "other avenues," such as the Court's inherent power to sanction bad faith or vexatious litigation. Opposition (Dkt. # 17) at 5. Plaintiff's request for attorney's fees was based solely on 17 U.S.C. § 505, however. He may not amend his Complaint simply by asserting a new argument in opposition to defendants' motion.

### D. EXPEDITED DISCOVERY

In the alternative to dismissal, defendants request that the Court limit discovery for some undefined period of time so that defendants can test plaintiff's claim of ownership in the copyrighted works. The parties have participated in their Rule 26(f) conference and may now proceed with discovery. Fed. R. Civ. P. 26(d)(1). While defendants are free to focus their initial efforts on the issue of ownership, discovery will not be bifurcated simply because defendants believe that they have identified a weakness in plaintiff's claim.

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED in part. Plaintiff's requests for statutory damages and attorney's fees are DISMISSED. Plaintiff's infringement claim may proceed to discovery.

Dated this 8th day of November, 2010.

*[signature]*

Robert S. Lasnik
United States District Judge