Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTYN STEWART, d/b/a, NATURESOUND.ORG, | No.  2:10-cv-01012-RSL |
| Plaintiff, | DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFF MARTYN STEWART'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | |
| APPLE INC., MITCH WAITE GROUP LLC, AND MITCHELL WAITE, | JURY TRIAL REQUESTED |
| Defendants. | |

Defendant Apple Inc. ("Apple") answers and responds to Plaintiff Martyn Stewart

d/b/a Naturesound.org's ("Stewart") Complaint for Copyright Infringement (the

"Complaint") as follows:

## **PARTIES**

1.      Apple is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 1 and on that basis denies each and every allegation

contained therein.

2.      Apple admits that it is a California corporation with a principal place of

business in Cupertino, California.  Apple denies the remaining allegations in Paragraph 2 of

the Complaint.

APPLE INC.'S ANSWER
NO. 2:10-cv-01012-RSL – Page 1

3.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies each and every allegation contained therein.

4.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies each and every allegation contained therein.

5.     Apple admits that it provides consumer electronic and software products, including the iPhone and certain software applications for the iPhone, to consumers throughout the United States, the State of Washington, and this District.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and on that basis denies the same.

6.     Apple admits that codefendants Mitch Waite Group LLC ("MWG") and Mitchell Waite develop and sell certain software applications for the iPhone, and that these applications are sold through Apple's App Store throughout the United States, the State of Washington, and this District.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies the same.

## JURISDICTION AND VENUE

7.     Apple admits that this is a civil action alleging a cause of action arising out of the copyright laws of the United States.

8.     Apple admits that this Court has subject matter jurisdiction over Stewart's copyright cause of action pursuant to 17 U.S.C. § 501(a) and 28 U.S.C. § 1331.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis denies the same.

9.     Apple admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 because Apple conducts business within this judicial district and its agents or affiliates

APPLE INC.'S ANSWER
NO. 2:10-cv-01012-RSL – Page 2

YARMUTH WILSON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

can be found in this judicial district.  Apple denies that it engaged in any actionable conduct giving rise to the Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis denies the same.

### FACTS

10.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies each and every allegation contained therein.

11.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies each and every allegation contained therein.

12.     Apple admits that Exhibit A appears to be Plaintiff's copyright registration application for "Birds Of America Vol 1."  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies the same.

13.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies each and every allegation contained therein.

14.     Apple admits that there are approximately nine individual applications distributed under variations of the "iBird" name.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies the same.

15.     Apple admits that, currently, it distributes versions of approximately nine individual applications using variations of the "iBird" name throughout the United States for use with iPhone devices and certain other devices.  Apple admits that, at certain times in the past, it distributed certain versions of approximately nine individual applications using

APPLE INC.'S ANSWER
NO. 2:10-cv-01012-RSL – Page 3

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

variations of the "iBird" name throughout the United States for use with iPhones and certain other devices.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis denies the same.

16.     Apple denies that the current versions of any applications using variations of the "iBird" name contain or reproduce Mr. Stewart's copyrighted bird sound recordings. Apple admits that, currently, versions of approximately nine individual applications using variations of the "iBird" name are nationally marketed to consumers in the United States and this District.  Apple admits that, at certain times in the past, certain versions of approximately nine individual applications using variations of the "iBird" name were nationally marketed to consumers in the United States and this District.  Apple admits that it used a version of an iBird application to promote its iPhone product in national advertising.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies the same.

17.     Apple admits that, at certain times in the past, certain versions of applications using variations of the "iBird" name explicitly identified Mr. Stewart as the recordist. Apple admits that Exhibit B appears to be a screen capture taken from a version of an iBird application distributed prior to August 2, 20101 identifying Mr. Stewart as the recordist. Apple denies that Exhibit B constitutes an admission by Apple that the bird sound recordings used in the iBird applications are in fact Mr. Stewart's bird sound recordings. Apple further denies that Exhibit B further evidences, or evidences, *a priori* knowledge by Apple of Mr. Stewart's ownership and copyrights in any bird sound recordings.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis denies the same.

18.     Apple admits that the first page of Exhibit C contains images from an Apple advertisement that was created and distributed by Apple and its agents.  Apple is without

APPLE INC.'S ANSWER
NO. 2:10-cv-01012-RSL – Page 4

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies the same.

## CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

19.     Apple repeats and incorporates by reference its answers to Paragraphs 1 through 18 as if fully set forth herein.

20.     Apple denies each and every allegation contained in Paragraph 20 as alleged against Apple.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis denies the same.

## ANSWER TO PRAYER FOR RELIEF

In response to Stewart's prayer for relief, Apple denies each and every allegation contained in the prayer and, further, Apple denies that Stewart is entitled to any relief, including but not limited to the relief requested in the Complaint, denies that Stewart has been damaged by any act of Apple in any amount whatsoever, denies that Stewart is entitled to injunctive relief, denies that Stewart is entitled to destruction of any Apple property, denies that Stewart is entitled to any actual damages or disgorgement of Apple's profits, denies that Stewart is entitled to statutory damages, and denies that Stewart is entitled to the cost of this suit or reasonable attorneys' fees.

YARMUTH  WILSDON  CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## APPLE'S AFFIRMATIVE DEFENSES

Apple alleges the following as separate and affirmative defenses to the Complaint. By virtue of having listed the following defenses, Apple does not assume any legal or factual burden not otherwise assigned to it under the law.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, because he does not own the copyrights at issue in this suit.

### SIXTH AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, because he has not made a valid application to register the copyrights at issue in this suit.

### SEVENTH AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, because the bird sound recordings at issue in this suit are not copyrightable subject matter.

### EIGHTH AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, by the existence of a license or an implied license.

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## NINTH AFFIRMATIVE DEFENSE

Stewart's claims are barred, in whole or in part, because any alleged damages are speculative, uncertain, and not foreseeable to Apple.

## APPLE'S PRAYER

WHEREFORE, Apple prays for judgment as follows:

1.      That Stewart take nothing by reason of the Complaint;

2.      That judgment be entered in favor of Apple and against Stewart;

3.      That this action be dismissed in its entirety;

4.      That Apple be awarded reasonable attorneys' fees;

5.      That Apple be awarded its costs of suit herein; and

6.      That the Court grant such other and further relief as it deems just and proper.

## JURY DEMAND

Apple respectfully requests a jury trial on all issues triable thereby.

DATED:  November 22, 2010.

Respectfully submitted,

By:*/s/ David R. Eberhart*_____

O'MELVENY & MYERS LLP
David R. Eberhart, CA. S.B. #195474
   (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:    (415) 984-8700
Facsimile:     (415) 984-8701
Email:  deberhart@omm.com

YARMUTH WILSDON CALFO PLLC
Scott T. Wilsdon, WSBA No. 20608
Jeremy E. Roller, WSBA No. 32021

APPLE INC.'S ANSWER
NO. 2:10-cv-01012-RSL – Page 7

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

818 Stewart Street, Suite 1400
Seattle, WA  98101
Telephone:     (206) 516-3800
Facsimile:     (206) 516-3888
Email:   wilsdon@yarmuth.com
           jroller@yarmuth.com

Attorneys for Defendant Apple Inc.

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system which will send notification of such filing

to:

**Philip P. Mann**                                Attorneys for Plaintiff
Mann Law Group

**John E. Whitaker**
Whitaker Law Group

I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

Dated this 22 day of November, 2010 at San Francisco, California.


/s/ Stefanie Tamura
Stefanie Tamura
Legal Assistant


APPLE INC.'S ANSWER
NO. 2:10-cv-01012-RSL – Page 9

**YARMUTH WILSDON CALFO**

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

625.01 ki071501 11/22/10